**KENNEDY, Plaintiff-Appellant, v. MERRITT et, Defendants-Appellees.**

Ohio Appeals, Seventh District, Belmont County.

No. 892.   Decided May 18, 1953.

Wilbur Y. Armstrong, Bellaire, for plaintiff-appellant.
Cooper & Cooper, Bellaire, for defendants-appellees

### OPINION

By PHILLIPS, J.

In her petition filed in the court of common pleas against defendants to compel them to specifically perform the terms of the "purchase agreement" contract for the alleged sale of real estate plaintiff alleges that on the ninth day of November,

1951, defendants agreed with plaintiff to sell and convey, and plaintiff agreed to purchase, for the sum of $1,000.00 lot number one in the sub-division of lot number one of Sullivan, Barnard and Cowen's Second Addition to the City of Bellaire, then owned by defendant, Carrie Merritt, in fee simple; that plaintiff paid $25.00 to defendant, receipt of which was acknowledged in the alleged contract: that defendants refused to comply with plaintiff's demand for conveyance of such real estate to her; that she was willing and able to perform all the conditions and covenants of such agreement on her part to be kept and performed; and prayed for a decree of conveyance of such real estate to her.

Defendants answered admitting the ownership of the real estate described; that they entered into a written contract as alleged; but denied that the contract was for the sale of the real estate set forth in the petition.

By way of further answer defendants alleged that the real estate in question is a triangular parcel of land situated at the intersection of Washington and Boundary Streets in the city of Bellaire, upon which a four room dwelling house and garage were situated; that in the month of September 1951 plaintiff offered to pay defendants $5500.00 for such lot, and that during the month of October following advised defendants that she intended to sell a part of such lot to William M. Johnson for $1000.00, and desired that the lot be divided into two portions for which she would pay $1,000.00 for the northerly portion and $4500.00 for the southerly portion.

Further in their answer defendants alleged that they entered into the contract alleged, but denied that it was for the sale of the real estate set forth in plaintiff's petition; that they advised plaintiff that they would sell all of the lot for $5500.00, and were not interested in its division; that plaintiff agreed to buy, and the defendants to sell, an additional tract of real estate known as lot number 51 in Linwood Addition for the sum of $5500.00, which sale would result in two lots each of which was to be purchased and sold for $5500.00, or a total purchase price of both for $11,000.00; that in furtherance of that agreement plaintiff presented to defendants three separate papers stating to them that one was for the sum of $1,000.00 for the northerly portion of lot number one, one was for $4500.00 for the southerly portion thereof. and one was for $5500.00 for the sale of lot number 51 in Linwood Addition; that plaintiff then and there represented to defendants that the three separate contracts were presented to them for signature only because such arrangements would permit her to have the title to such real estate examined, and that she desired contract for lot number one to be split in order to permit

her to sell the northerly portion, and that thereupon the three contracts were signed by defendants.

Defendants further alleged that all such representations made by plaintiff to defendants were false and were made with the intention to deceive defendants, and that plaintiff knew them to be false when made; that the contracts provided for the payment of $25.00 in cash on each contract as a part of the purchase price; that such sum of $25.00 was not paid; and that the representations of plaintiff to the defendants, upon which they relied as true, were made for the purpose of inducing defendants to sign such contracts, which they did believing that the contracts called for the sale of both lots in their entirety for $11,000.00. Defendants prayed that the contracts set forth in the petition be rescinded and cancelled, and ordered to be delivered up and for all other proper relief.

The trial judge made the following findings of fact and conclusions of law:—

"1. A consideration of $1,000.00 for all of Lot No. 1 is grossly inadequate.

"2. Three contracts calling in the aggregate for the sale and purchase of all of Lot No. 1 and Lot No. 51, Linwood Addition. were submitted to the defendants by plaintiff calling for the payment of $11,000.00 each contract calling for the payment of $25.00 cash in hand.

"3. Plaintiff failed to pay the said sum of $25.00 as called for by the contracts to the defendants, thereby breaching the contracts including the contract in question at the outset.

"4. That the whole negotiation by the plaintiff was designed for the purpose of purchasing all of Lot No. 1 for $1,000.00.

"5. The tender for $1,000.00 by a check drawn against funds on deposit with the Belmont Savings and Loan Company at Bellaire, Ohio, is untrue for the reason that said association carries no checking accounts and is not permitted to do so under the law. The tender also, if one was made, was illegal and not in conformity to law.

"6. The testimony of plaintiff was evasive in that said contract was not prepared by Attorney Wilbur Armstrong as claimed by plaintiff."

The trial judge made the following conclusions of law:—

"The defendants having alleged fraud, it is incumbent upon them in order for that defense to be available in this action, to prove the same by clear and convincing evidence. Fraud is never presumed.

"Upon a consideration of all the evidence in connection with the findings of fact, the court finds, as a matter of law,

that fraud by way of inducement upon the part of the plaintiff, when considering the inadequacy of consideration, the negotiations between the parties prior to the execution of the contract in question, the failure to pay the $25.00 upon the execution of the contract as set out therein, the uncertainty and evasiveness of the testimony of plaintiff, the failure to make a tender of the consideration, together with the deposit of $1,000.00 with the Clerk of Court, the fact that the contract was prepared in the office of W. M. Johnson and not by Wilbur Armstrong, counsel for plaintiff, are all unmistakable badges of fraudulent conduct upon the part of plaintiff.

"Defendants are people unused to transactions of this character who could see no wrong significance in the representations made by plaintiff as to the separation of Lot No. 1 into two tracts and were readily and fraudulently beguiled into executing this contract. No copy of same was left with the defendants, designed, the court feels, to deny defendants evidence as to the fact that three contracts were executed at the time in question.

"Further, in the opinion of the court, beyond any shadow of doubt, the defendants, their daughter and son-in-law were stating the facts in their testimony and so finding that actionable fraud entered into this transaction, the finding and judgment of the court is for the defendants and the petition herein is dismissed at plaintiff's costs."

Plaintiff appealed from the finding of the trial court, upon which judgment was subsequently entered, on questions of law and fact, and notwithstanding the appeal on questions of law and fact by assignments of error contends:—

"First, plaintiff-appellant contends that the finding and judgment of the court of common pleas is against the manifest weight of the evidence and unsupported thereby

"Second, plaintiff-appellant contends that the finding and judgment of the court of common pleas is contrary to law."

Arguing those contentions plaintiff urges that:—

"The questions of law presented in this case are as follows:—

"First, whether or not this matter is properly before this court on appeal on questions of law and fact.

"Second, whether or not the finding and judgment of the court of common pleas that plaintiff was guilty of actionable fraud is supported by clear and convincing evidence

"Third, whether or not the findings of fact by the court of common pleas were supported by clear and convincing evidence and by law."

Plaintiff appealed properly to this court on questions of law and fact. See **37 O. Jur., Page 202; Hull v. Bell Bros. & Co.,**

**54 Oh St 228,** 43 N. E. 584; **Pierce v. Stewart, 61 Oh St 422,** 56 N. E. 201.

We have referred to the pleadings of the parties at sufficient length, and the trial judge has stated the evidence in sufficient detail in his finding of fact, to understand the questions presented thus obviating the necessity of our repeating the evidence. After a thorough consideration of the evidence and the law applicable thereto, we conclude that the decree of this court must be the same as that of the court of common pleas.

Finding and decree for defendants.

GRIFFITH, PJ, concurs.
NICHOLS, J, finds for plaintiff as prayed for.